## LA COMPAGNIE GÉNÉRALE TRANSATLANTIQUE v. HAYES.

(Circuit Court of Appeals, Second Circuit.   March 16, 1909.)

### No. 205.

1. SHIPPING (§ 86*)—INJURIES TO LONGSHOREMAN—NEGLIGENCE—QUESTION FOR JURY.

In an action for injuries to a longshoreman by being struck by certain rods alleged to have been negligently lowered into the hold, whether defendant's foreman of longshoremen and its assistant foreman were negligent in hastily lowering the rods into the hold without back-lashing *held* for the jury.

[Ed. Note.—For other cases, see Shipping, Dec. Dig. § 86.*]

2. PLEADING (§ 376*)—ISSUES AND PROOF—ADMITTED FACTS.

Where defendant's answer and its bill of exceptions admitted service of plaintiff's notice of intention to sue under the New York employer's liability act (Laws 1902, p. 1748, c. 600), proof of such intention was not required.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1225–1227; Dec. Dig. § 376.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

On writ of error to review a judgment entered upon the verdict of a jury in favor of Michael Hayes, the plaintiff below, for $2,500. The action was commenced in the Supreme Court of the state and notice was served pursuant to the provisions of the employer's liability act of New York (Laws 1902, p. 1748, c. 600). The defendant removed the action to this court.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

John M. & Joseph P. Nolan, for plaintiff in error.
Thomas C. McDonald, for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. The plaintiff below had been a longshoreman in the employ of the defendant for nine years prior to November 13, 1906. On that day he was, with others, engaged in receiving and stowing cargo in the lower hold of the steamship La Touraine and was injured by being struck by the contents of a case which was being lowered into the hold. This case was about 16 feet in length and from a foot to a foot and a half square and contained brass rods "as thick as a man's finger." When the case had been lowered part way the end broke, or became loose, and the rods fell out and struck the plaintiff, who was in a stooping position, upon the back and left hip causing serious injury. The accident happened because back-lashes were not used.

That the omission to use them was negligence is not seriously disputed but the defendant contends that the fault was that of a fellow servant. The plaintiff insists, on the contrary, that the fault was directly attributable to a person, or persons, whose sole or principal duty was that of superintendence. Louis Johnson was defendant's foreman of longshoremen, hiring and discharging many of the men, and Connors was assistant foreman. There was testimony that but for the orders of these men, or one of them, the case would have been properly back-lashed before being lowered into the hold and that the anxiety of the foreman to get the cargo in quickly induced him to order this case sent down without being properly safeguarded. The court submitted to the jury the question whether this particular case required back-lashing, and, if so, whether the failure to back-lash was due to the negligence of Johnson or Connors. If they found that it was not, they were instructed that the defendant was entitled to a verdict.

The question of negligence was clearly for the jury and the instructions of the court were as favorable to the defendant as the facts warranted. It was argued that no proof was made of service of notice of injury required by the state liability act (Laws 1902, p. 1748, c. 600). The complaint alleges the service, the answer admits it, and the third paragraph of the bill of exceptions is as follows:

"Defendant's counsel admits that the defendant was served with a notice of intention to sue under the employer's liability act."

How there could be any stronger proof than this we are at a loss to discover. The denial by the Circuit Court of the motion to set aside the verdict and for a new trial presents no question which this court can review.

The judgment is affirmed with costs.